Original

United States District Court
for the District of Rhode Island

December 13, 2007

Vincent P. MURRAY

v

Trooper Maggs, New Lebanon, N.Y. Barracks
Trooper Mulvein New Lebanon, N.Y. Barracks
Trooper Deleon New Lebanon, N.Y. Barracks

Now comes petitioner Vincent P. MURRAY and files this Complaint under 42 USC § 1983 against the above the above named N.Y. State Police Troopers, Maggs, Mulvein, Deleon of the New Lebanon State Police Barracks for monetary damages resulting from my (1) false arrest, (2) illegal incarceration, and (3) malicious prosecution from the illegal arrest on a warrantless arrest without probable cause and without a mandated preliminary hearing to determine probable cause.

In Franks v Delaware 57 L Ed 2d 667 the U.S. Supreme Court ruled; where a defendant made a substantial preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth by an affiant

in his affidavit for a warrant, and if the alleged false statement was necessary to the finding of probable cause, the Fourt Amendment required that a hearing be held at the defendants request.

On the day of my arrest in New Lebanon, NY. in the State Police Barracks in New Lebanon before the above named defendants I vehimately Challenged the validity of the unsigned invalit arrest warrant and produced documented Court, Police, and Dept of Correction Documents 1, 2, 3, 4, 5, 6 Exhibits Enclosed that I presented to the State Police while being held in the Barracks waiting for the police to get the invalid unsigned arrest warrant Exhibit # 7 Enclosed faxed from the State of Rhode Island

The collective knowledge of the officers in the barracks at that time, 8 AM until 1:30 PM on Nov. 13, 2006 who reviewed the evidence should have realized that the unsigned warrant was invalid and lacked probable cause to make an arrest.

(2) When I arrived at the New Lebanon, NY

State Police Barracks at 8 AM to inquire about the arrest warrant that Social Security used to stop ~~my~~ Old Age Benefits. At that time the State Police did not have a warrant for my arrest.

In spite of not having the warrant I was held in custody without probable Cause until the illegal invalid unsigned warrant was faxed after many phone calls from Rhode Island.

On Nov. 13, 2006 in a brief session in the New Lebanon, N.Y. Court the Judge refused to honor the material evidence without a lawyer being present and I was held without bail pending a scheduled preliminary hearing which was supposedly scheduled for Nov. 17, 2006, Exhibit # 8 Enclosed but the hearing was never held, instead on the charge of Fugitive from Justice was scheduled in Columbia County Court Hudson, New York for Nov. 26, 2006.

At that time Nov. 26, 2006 I sent a "3" page letter to the District Attorney stating that I wanted to be present at the hearing to present the material evidence of my legal right to transfer my probation supervision

to New York State where I have been a home owner, taxpayer, resident, and Licensed Truck Dealer for over "30" years Exhibit # 9 Enclosed

On Nov. 29, 2006 I appeared before Judge Czajka in Columbia County Court, Hudson, N.Y. where again I attempted to present documentary evidence that I did not violate my probation Exhibit #10 Enclosed and the Court refused to accept it. Notwithstanding the fact that the U.S. Supreme Court in Morrissey v Brewer 33 LEd 2nd 484 ruled; a hearing on a probation should be held as soon as possible at or near the location where the alleged violation had occurred.

Morrissey also ruled; The Due Process Clause of the Fourteenth Amendment requires the following;

If a violation of a condition of a parole is involved, rather than a the commission of a new Crime, there should not be an arrest of the parolee and his return to prison or a local jail. Rather, notice of the alleged violation should be given to the parolee and time set for a hearing.

In view of the fact that the alleged violation occurred in New York and I have been a legal resident, tax payer of New york Judge Kzajka had jurisdiction and an obligation under Article 3 of the U.S. Constitution to conduct a hearing to determine probable cause.

In Marbury v Madison 5 US 137 (1803) The U.S. Supreme Court ruled; where there is a legal right there is a legal remedy by suit, or action by law, whenever that right is invaded. the Federal Constitution being intended as the rule of the Courts as well as the legislature, the Courts will take judicial notice of its provisions. This ruling was reaffirmed in Williams v Taylor 146 LEd2d 389 (2000) by Justice Sandra Day O'Connor writing for the majority opinion.

My attempt to have the facts documenting my Legal Right to move back home to NY. were ignored and I was continually held without bail, without probable cause for extradition back to RI. in violation of the Forth Amend.

In Gerstein v Pugh 43 LEd2nd 54 the U.S. Supreme Court ruled; Under the Fourth Amendment a person arrested without a warrant and charged on information with an offense is entitled to a timely judicial determination by a neutral magistrate of probable cause for pre trial restraint of liberty, and may not be jailed or subjected to other restraints pending trial without any opportunity for such a probable cause determination; the prosecutions decision to file an information does not alone meets the requirement of the Fourth Amendment as constituting a determining of probable cause that furnishes sufficient reason for detention pending trial.

Under Gerstein a prosecutor has a professional duty not to charge suspect with a crime unless he is satisfied of probable cause.

In State v Santos 498 A2d 1024 (RI 1985) The RI Supreme Court ruled; The practice of allowing Superior Court Clerk to issue Administrative arrest warrants violates statutory law empowering

Judges or Justice of the peace to issue warrants. R.I. Gen Law § 12-4-1, 12-6-1, 12-10-1.

Under Murphy-v-Lynn 118 F3d 938 (2nd Cir 1997) The Court ruled: Requirement under New York State Law that malicious prosecution plaintiff show favorable termination of proceedings in his favor is designed principally to insure against inconsistent judgment, and to avoid parallel litigation as to questions of probable cause.

Considering the fact that the State of Rhode Island's Interstate Compact designee Kevin Dunphy used the 12/24/05 fraudulent Probation Transfer Request Form to produce the fraudulent 2/16/06 Probation Report, which in turn was used to secure the invalid unsigned arrest warrant that the RI Attorney General used to adjudge me a violator Exhibit # 11 Enclosed

Wherefore an illegal fraudulent unsigned arrest warrant secured by a fraudulent Probation Report can not be used as probable Cause to make a legal arrest.

In my effort to present documentory material fact as evidence, supra Exhibits 1, 2, 3, 4, 5, 6 to the Nov. 26 2006 scheduled appearance in Columbia County Court on charges of being a Fugitive from Justice filed by the New York State Police, were denied when the Court failed to prosecute on the Charges.

Under New York Law, as predicted by the Court of Appeals, dismissal of Criminal Prosecution for failure to prosecute should be considered for malicious prosecution purposes, termination favorable to the accused.

Three New York State Judges refused to address the material evidence verifying my legal right to move back home to my property in New York.

On Nov. 29, 2006 I attempted to show the Justice of the Columbia County Court, Judge Paul Czajka that the New York State Police acting under Color Law without probable Cause or an outstanding arrest warrant at the time of the arrest at 8 am on

Nov. 13 2006 and held me at the State Police Barracks until they secured the illegal invalid unsigned warrant after which I was subjected to judicial proceedings for which there was no probable cause.

In U.S.-v-Meade 110 F 3d 190 (1st Cir 1997), the Court ruled: Warrantless arrest requires probable cause, and existance of probable cause must be determined in light of information that Law enforcement officials possessed at the time of the arrest.

"The only information had at the time of the arrest was the Social Security notice that I showed them that stated my Old Age Benefits were being stopped due to an outstanding arrest warrant."

In Saenz-v-Roe 143 LEd 2nd 689, The U.S. Supreme Court ruled: Citizens of U.S. whether Rich or Poor have the Right under §.1 of the Federal Constitutions Fourteenth Amendment to choose to be citizens of any State wherein they reside.

Where fore, Consistent with U.S. Supreme

Court rule, my Right to Life Liberty and Property were denied by the illegal action of the State Police and the Courts failure to abide by Article 3 of the U.S. Constitution, to Say what the Law is.

I pray that this Court will consider the extended loss of liberty and property damages to my equipt. Exhibit #12 Enclosed. cause by the vindictive action of the probation days.

Respectfully submitted
Vincent P. Murray

Vincent P. Murray
Med-1- Id. 103847
P.O. Box 8274
Cranston, RI 02920