UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VINCENT P. MURRAY, Plaintiff, | : | |
| v. | : | CA 07-465 ML |
| TROOPER MAGGS, NEW LEBANON, N.Y., BARRACKS; TROOPER MULVERN, NEW LEBANON, N.Y., BARRACKS; TROOPER DELEON, NEW LEBANON, N.Y., BARRACKS, Defendants. | : | |

**ORDER**
**DENYING WITHOUT PREJUDICE**
**APPLICATION TO PROCEED IN FORMA PAUPERIS**

Plaintiff Vincent P. Murray ("Plaintiff") seeks relief pursuant to 42 U.S.C. § 1983, see Complaint (Document ("Doc.") #1), and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), see Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2). Although Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a)(1), he has not submitted a certified copy of his prisoner trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the Complaint, obtained from an appropriate official at the Adult Correctional Institutions ("ACI"), where Plaintiff is currently confined, as directed by 28 U.S.C. § 1915(a)(2).[1]

---

[1] Section 1915(a) provides that:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and

Accordingly, Plaintiff's Application is denied without prejudice. Plaintiff may refile the Application along with a certified copy of the prisoner trust fund account statement (or institutional equivalent), obtained from an appropriate official at the ACI, by January 9, 2007.[2]

In addition, it does not appear to the Court that it has personal jurisdiction over the named Defendants. All Defendants appear to be residents of New York, and the tortious (wrongful) acts allegedly committed by them appear to have taken place in New York. See Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006)(explaining that to establish personal jurisdiction over nonresident defendant for tort claims, the due process clause requires that plaintiff show a sufficient causal connection between defendant's contact with the forum state and plaintiff's causes of action); see also Negrón-Torres v. Verizon Communications, Inc., 478 F.3d 19, 24 (1st Cir. 2007)("It is

---

> affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), **shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal**, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a) (bold added).

[2] The Court notes that Plaintiff is still required to pay the statutory filing fee of $350.00 for this action. Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), a prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his petition. Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his or her account.

axiomatic that a court asserting jurisdiction over a nonresident defendant must find that the defendant maintains sufficient contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'")(quoting International Shoe Co. v. Washington Office of Unemployment, 326 U.S. 310, 316, 66 S.Ct. 154 (1945)). Accordingly, before proceeding further, Plaintiff may wish to consider whether he has selected the proper court in which to bring this action.

If Plaintiff still wishes to proceed with the action in this Court, he should refile the Application by January 9, 2008, along with a certified copy of his prisoner trust fund account statement. Failure to do so by that date will result in the issuance of a Report and Recommendation recommending that his application to proceed in forma pauperis be denied.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 19, 2007