UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VINCENT P. MURRAY, Plaintiff, | : | |
| v. | : | CA 07-465 ML |
| TROOPER MAGGS, NEW LEBANON, N.Y., BARRACKS; TROOPER MULVERN, NEW LEBANON, N.Y., BARRACKS; TROOPER DELEON, NEW LEBANON, N.Y., BARRACKS, Defendants. | : | |

**ORDER DENYING WITHOUT PREJUDICE
SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS**

Plaintiff Vincent P. Murray ("Plaintiff") seeks relief pursuant to 42 U.S.C. § 1983, see Complaint (Document ("Doc.") #1), and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), see Application to Proceed without Prepayment of Fees and Affidavit (Doc. #6) ("Application").[1] Although Plaintiff has resubmitted the affidavit required by 28 U.S.C. § 1915(a)(1) and another copy of his prisoner trust fund account statement for the 6-month period immediately preceding the filing of the Complaint, that statement is still not certified by an appropriate official at the Adult Correctional Institutions ("ACI") as required by 28 U.S.C. § 1915(a)(2). The prison official must certify that the statement is accurate (including that the account balance is correctly stated), compute and certify the average balance for the six

[1] This Magistrate Judge denied without prejudice Plaintiff's first Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #2) because, although Plaintiff had submitted a copy of his prisoner trust fund account statement, the statement was not certified by an appropriate official at the Adult Correctional Institutions ("ACI"), where Plaintiff is currently confined. See Order Denying without Prejudice [First] Application to Proceed in Forma Pauperis (Doc. #4) at 1-2.

month period preceding the filing of the Complaint, and sign the statement. See Application at 2.[2]

Accordingly, Plaintiff's Application is again denied without prejudice. Plaintiff is directed to resubmit his Application, **certified and signed by an appropriate official at the ACI**, by January 25, 2008. The Court will then rule upon his Application and, if it is granted, direct him to pay a filing fee of twenty per cent of his average daily balance or the average monthly deposits to his account, whichever is greater, as required by 28 U.S.C. § 1915(b)(1).

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 10, 2008

---

[2] The Application to Proceed without Prepayment of Fees and Affidavit ("Application") submitted by Plaintiff states on page two that:

> A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement **certified by the appropriate institutional officer** showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

Application at 2 (bold added). The required certification immediately follows the above instructions. This is the portion of the form which Plaintiff must have signed and certified by an appropriate official at the ACI.