United States District Court
District of Rhode Island

Vincent P. MURRAY
V
Case No. 07-464 ML
David Floiro et al

Vincent P. MURRAY
V
Case No. 07-465ML
State Troopers Maggs et al

Notice of Appeal

Now comes petitioner (appellant) Vincent P. MURRAY and appeals the 5/10/05 Court Order dismissing the above mentioned cases filed under 42 USC. § 1983 against the Rhode Island Probation Officers David Floiro and George Lang and Kevin Donphy of the Rhode Island Interstate Compact Dept. which were dismissed because I failed to show cause to prosecute.

After the third filing of papers documenting my in forma paupers by the notorized copy of my prison account ledger. Also the arrain-gment made to have the filing fee deducted

2

from my prison account, I assumed the case would go foreward. And the summons would be served after submitting the waiver of summons form.

The fact still remains that the 42 USC. § 1983 suit for monetary damages against Dave Floiro and George Lang and Kevin Dunphy resulted from a conspiracy between the R.I. Probation Dept. who issued the fabricated fraudulent Probation Report in violation of 18 USC § 1001 False Statement Statute and 18 USC. 1503 and 1504 Obstruction of Justice.

Kevin Dunphy of the Rhode Island Interstate Compact Dept. solicited a fraudulent fabricated illegal unsigned Interstate Compact Transfer Request Form in violation of 18 USC. §s 1343 Interstate Wire Fraud Statute in his plan to devise a scheme to deceive the Court in order to secure the illegal fraudulent unsigned arrest warrant that was issued by the R.I. Superior Court on 4/3/06. Exhibit #1 Enclosed

The illegal unsigned arrest warrant that

failed to have probable cause was used by the New York State Troopers Maggs, Mulvern and Deleon of the New Lebanon, NY. State Police Barracks after a 4 1/2 wait for it to be faxed from Rhode Island.

After which Trooper Maggs signed a complaint Charging me under New York State Law 570.06 Fugitive from Justice, duty of the Governor. Thereafter I was brought before a Magistrate Judge and illegally held without bail pending a scheduled preliminary hearing to determine probable cause to determine if in fact I had breached the conditions of probation or committed a new crime

A preliminary hearing is required by Federal Rule of Civil Procedure 7 as ruled by the U.S. Supreme Court

In Morrissey -v- Brewer 33 LEd 2d 484, The U.S. Supreme Court ruled; a preliminary hearing is to be held within a reasonable time as close to the location of the arrest while facts are still fresh and documents available to show the warrant is untrue. Instead an illegal revocation

sentencing hearing was held "180" miles away from the scene of the false arrest on the "184" days

Throughout the "184" days I was incarcerated and held without bail while R.I. Superior Court Judge Stephen Nugent tried to Coerce me into pleading guilty to leaving the State of R.I. without permission in exchange for my freedom and be released from prison with the threat of "9" years of the suspended sentence if I didn't.

When I refused to sign the deal, Judge Nugent sentenced me illegally to the full "9" years of my probation notwithstanding the fact that I had already served 5½ years of my probation and the full 6 years of my illegal unconstitutional prison sentence.

In view of the fact that the Interstate Compact is sanctioned by the U.S. Congress the violations come under Federal Law. Leaving the State without permission is a technical charge and not subject to the authority of the guidelines. Where fore the

prescribed sentence for an infraction is 0 to 5 days.

Judge Nugents "9" year sentence is not only vindictive prosecution in violation of the Eight Amendments cruel and unusual punishment but he illegally and unconstitutionally sentenced me on the underlyin charge of 2nd degree Child Molestation Exhibit #2 Enclosed which I had already served the full "6" year prescribed sentence. This was a violation of Double Jeopardy as I was sentenced to "2" terms of 15 years, 6 to serve, 9 suspended and "9" years probation for "1" alleged incident or act of touching over the clothes that allegedly took place at the same time at the same place under the same statute

Wherefore Judge Nugents "9" year suspended sentence on the underlying charge of 2nd Degree Child Molestation that has not been legally finalized in the past "13" years amounts to an unprecidented Triple Jeopardy violation

Wherefore the reason for the request for a 60 day extension is to protect the valid claim I have filed in the U.S. District Court are two fold. (1) I had hopes that the RI Supreme Court or the U.S. Supreme Court would comply with the U.S. Constitutions 1st, 4th, 5th, 6th, 8th, and 14th Amendments and rule according to U.S. Supreme Court rule and dismiss the fraudulent charge of leaving the State of RI without permission, which is not a crime and carries a sentence of 0 to 5 days if found guilty and I have Court Documents to prove that I am not guilty, and (2) had I been released consistent with U.S. Supreme Court Rule, I could have retrieved some of the records I was dispossessed of, when I was illegally and physically removed from my home in New York and with complete disregard for my life liberty and property which has already been once devistated by "4" years of illegal unconstitutional incarceration that the Federal Courts fail to address in "15" different Court sessions before "18" different Federal Judges, and transported me "180" miles

back to R.I. and held me in the Intake Center Building. A concentration of prisoners that have not been to trial or sentenced, supposedly for "10" days without bail which in my case it turned out to be indefinitely.

This action by the judiciary has all of the earmarks of what the S.S. Storm Troops of Adolph Hitlers Nazi Party did to the Jewish People in the 1930's and early 1940's when they were dispossessed of their worldly possessions and marched to concentration camps awaiting death. The only thing different is I haven't been sentenced to death, but the "9" year illegal unconstitutional sentence amounts to "17" years beyond my lifes expectancy.

In my Motion to appoint Counsel for my first petition under 28 U.S.C. § 2254 Writ of Habeas Corpus on March 3, 1999 Exhibit #3 Enclosed before Judge Mary Lisi I listed 11 conditions favoring the appointment of Counsel, including being indigent, lack of legal experience, education and the inability to process documents.

Also I was denied the effective assistance of Counsel throughout my trial due to the actual conflict of Interest of my trial Attorney Joseph Scott who was disqualified by Judge Judith Savage at a Post Conviction for a new trial on Nov. 25, 1996 and (2)

The fact that the R.I. Superior Court failed to appoint Counsel for my direct appeal to the R.I. Supreme Court after "2" appellate Attorneys were allowed to with draw from Counsel with out filing a Brief consistent with Anders-v-Calif 18 LEd2d to Brief the strongest issues for appeal which violated my guaranteed Sixth Amendment Right to Counsel and my Fourteenth Amendment Right to Due Process.

My petition for Writ of Habes Corpus under § 2254 filed in March of 1999 was denied by Magistrate Judge Robert Lovegreen on on 4/28/99 stating I had filed a "38" page Brief so I was able to represent myself.

True, I filed a "38" page brief with "13" issues including;

1. Attorney Scotts Actual Conflict of Interest
2. Denial of Appointment of Counsel for Direct Appeal to the R.I. Supreme Court
3. Double Jeopardy="2" full sentences for "1" alleged act
4. Suppression of Evidence="30" minutes edited from the original interrogation tape
5. Involuntary Confession= Failed to Appoint Counsel
6. Prosecutorial Misconduct= Blatant
7. Denial of Counsel throughout trial due to Attorney Scotts Actual Conflict of Interest.

Also True; was the fact that not "1" of the "13" issues briefed was addressed on the merits or was there a mandated de novo determination made of petitioners objections to the Magistrates Report and Recomendation consistent with § 636 (b) as there was no evidentiary hearing to make a transcript or a recording. Where-fore the standard of review failed to comply with due process.

There-after there were "14" more Federal and State Court sessions without a decision

on the merits or finalizing the conviction, thereby allowing another unconstitutional conviction and "9" year unconstitutional sentence for a crime I did not commit.

Wherefore I pray that this Court will grant the appeal to bring some justification and fairness to the travisty of justice that has transpired over the past "13" years.

Respectfully Submitted
Vincent P. Murray

Dated:
May 22, 2008

Vincent P. Murray
Med-1-Id. 103847
P.O. Box 8274
Cranston, R.I. 02920

Certification

This is to certify that a true copy of this Notice was sent to the Attorney General 150 South Main St Providence R.I. on this 23rd day of May 2008.

Vincent P. Murray

Exhibits Included in 5/22/08 Notice of Appeal

Exhibit #1. Fraudulent unsigned arrest warrant
#2. Judgment of Conviction and Commitment
#3 Motion to Appoint Counsel 3/31/99
#4 Motion to Appoint Counsel 4/21/98

Vincent P. McMurray
May 23, 2008

C/c U.S. Soliciter General Washington, D.C.
Governor Donald Carcieri Providence, R.I.